43

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE SEARCH WARRANT DATED
SEPTEMBER 15, 2006

**Case: 2:06-x -50861** C
**Assigned To: Edmunds, Nancy G**

Michael D. Taxay
U.S. Department of Justice
National Security Division
10 Constitutional Avenue
Washington, D.C. 20530

Stephen J. Murphy, III (P58137)
Alan M. Gershel (P29652)
U.S. Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Telephone: (313) 226-9100

Thomas W. Cranmer (P25252)
David D. O'Brien (P65532)
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Life for Relief and Development
840 West Long Lake Road, Suite 200
Troy, Michigan 48098
Telephone: (248) 267-3294

FILED
JUN 20 P 4:08

**LIFE FOR RELIEF AND DEVELOPMENT'S MOTION FOR RETURN OF PROPERTY SEIZED PURSUANT TO A SEARCH WARRANT**

Pursuant to Federal Rule of Criminal Procedure 41(g), Life for Relief and Development ("LIFE") hereby moves the Court for entry of an order requiring the Federal Bureau of Investigation ("FBI") to return all materials seized pursuant to a search warrant issued on September 15, 2006 for the premises located at 17300 West Ten Mile Road in Southfield, Michigan. In support of this motion, Life states as follows:

1. As explained in detail in the supporting brief, the FBI executed a search warrant at the subject premises in September of last year and seized nearly 200 boxes of material comprising almost the entirety of LIFE's business and operating records. Although no charges have been brought against LIFE during the nine month period since the execution of the warrant,

the government refuses to return the seized documents. These records are essential to LIFE's charitable activities, and the government's refusal to return them is causing harm to the organization's ongoing business operations.

WHEREFORE, Life for Relief and Development respectfully requests that the Court enter an order compelling the government to return all of the materials seized pursuant to the September 15, 2006 search warrant.

Respectfully submitted,

MILLER CANFIELD PADDOCK AND STONE, PLC

By: ______________________________

Thomas W. Cranmer (P25252)
David D. O'Brien (P65532)
Attorneys for Life for Relief and Development
840 W. Long Lake Road, Suite 200
Troy, Michigan 48098
Telephone: (248) 267-3294

Dated: June 20, 2007

AALIB:498537.1\132747-00001

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE SEARCH WARRANT DATED
SEPTEMBER 15, 2006

Case No. 06X50861C
Honorable Nancy G. Edmunds

_______________________________________/

Michael D. Taxay
U.S. Department of Justice
National Security Division
10 Constitutional Avenue
Washington, D.C. 20530

Stephen J. Murphy, III (P58137)
Alan M. Gershel (P29652)
U.S. Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Telephone: (313) 226-9100

Thomas W. Cranmer (P25252)
David D. O'Brien (P65532)
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Life for Relief and Development
840 West Long Lake Road, Suite 200
Troy, Michigan 48098
Telephone: (248) 267-3294

_______________________________________/

**BRIEF IN SUPPORT OF**
**LIFE FOR RELIEF AND DEVELOPMENT'S MOTION FOR**
**RETURN OF PROPERTY SEIZED PURSUANT TO A SEARCH WARRANT**

## INTRODUCTION

Life for Relief and Development ("LIFE") is a non-profit charitable organization which provides humanitarian, health, and educational services and programs to aid refugees and victims of natural or man-made disasters around the world. Since its founding in 1992, LIFE has provided over $50 million in humanitarian assistance to more than 13 million beneficiaries worldwide. LIFE enjoys consultative status with the Economic and Social Council of the United Nations and is registered with the United States Agency for International Development. LIFE's North American headquarters are located at 17300 West 10 Mile Road in Southfield, Michigan.

On September 15, 2006, the FBI obtained a search warrant for LIFE's Southfield offices which extended to all of the company's financial records, fund raising activities, and human resource files dating back to 1995. *See* Search Warrant (attached as Exhibit A). The FBI executed that warrant on September 18th and seized nearly 200 boxes of material, comprising almost the entirety of LIFE's business and operating records. *See* Receipt for Property (attached as Exhibit B). Despite the seizure of all these documents covering every aspect of LIFE's operations, no charges have issued in the nine months since the execution of the warrant.

The materials seized by the FBI are critical to LIFE's ongoing charitable activities, and the loss of those documents is substantially undermining the organization's ability to raise and disburse funds. In an effort to remedy the situation, LIFE has made several requests for their return. To date, however, the government has refused to comply with those requests and indicated that if LIFE wants access to the documents, it must purchase a copy set at a total cost of more than $20,000. LIFE now asks this Court to intercede and order the government to return the documents that were seized during execution of the search warrant.

## ARGUMENT

Federal Rule of Criminal Procedure 41(g) permits a person aggrieved by the deprivation of property seized pursuant to a warrant to move for the property's return. It is well recognized that such a motion may be brought prior to the initiation of any criminal proceeding, and regardless of whether the search or seizure was unlawful. *See White Fabricating Co. v. U.S.*, 903 F.2d 404, 407 (6th Cir. 1990); *Government of the Virgin Islands v. Edwards*, 903 F.2d 267, 273 (3d Cir. 1990). Rule 41(g) is grounded in principles of equity, and the primary inquiry is one of reasonableness. *See U.S. v. Omian*, 2006 WL 3240555, at *2 (E.D. Mich. Nov. 7, 2006) (attached as Exhibit C). "[W]hen considering a motion to return the court must balance the legitimate needs of the United States against the property rights of the moving party." *U.S. v. Popham*, 382 F. Supp.2d 942, 956 (E.D. Mich. 2005).

One of the key criteria in determining whether to order the return of property that has been seized pursuant to a search warrant is the length of the deprivation. Relief is appropriate where "the government holds the property an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property." *In re Documents and Other Possessions at Metropolitan Center of Prisoner Hale*, 228 F.R.D. 621, 623 (N.D. Ill. 2005). In this case, the government has had ample time to review the documents in question. Indeed it has been in possession of the seized materials for more than nine months. During that time, it has taken no action to bring any charges, which should come as no surprise since LIFE has always maintained that it has done nothing wrong. It is simply not reasonable to allow the government to withhold the materials indefinitely when there has not even been an allegation of criminal misconduct.

The seized records must also be returned because they are essential to LIFE's charitable activities, and the loss of the documents is causing harm to the organization's ongoing business operations. Without access to the financial records seized by the FBI, for example, LIFE cannot complete required audits, file mandatory federal tax returns, or renew state fund-raising registrations which are critical to its continued viability. *See* Declaration of Nael Zenhom ¶¶ 3-4 (attached as Exhibit D). Similarly, LIFE cannot effectively track the performance of its field offices, follow up on past invoices that are due, obtain warranty and repair work for its computer equipment and other facilities, or handle important human resource matters. *See* Declaration of Mohamed Abaza ¶ 2 (attached as Exhibit E); Declaration of Mohamed Alomari ¶¶ 2-3 (attached as Exhibit F). Most importantly, the seizure has seriously hampered the organization's ability to solicit cash contributions, grants, and in-kind donations from potential donors, who do not have access to the financial records necessary to evaluate LIFE's activities. *See* Zanhom Decl. ¶ 5; Abaza Decl. ¶ 3. The government assured LIFE at the time of the seizure that it would be able to continue to operate without interference. *See* Declaration of Ihsan Alkhatib ¶¶ 2-3 (attached as Exhibit G). That promise has been irrefutably broken.

Finally, the seized records must be returned because any continuing interest that the government may have in reviewing the materials can be served by allowing it to retain a copy set for any ongoing investigation. Notably, this is the precise approach recommended by the advisory committee to the Federal Rules, which has noted that "documents and records that are relevant to ongoing or contemplated investigations and prosecutions may be returned to their owner as long as the government preserves a copy for future use." Fed. R. Crim. P. 41, advisory committee's note, 1987 amendments.

The government seeks to turn that approach on its head by requiring LIFE to fund the cost of the FBI's working copy with monies otherwise earmarked for humanitarian aid. This is patently unfair. By forcing LIFE to purchase a set of its own business records, the government is effectively seeking to impose a fine of $20,000 or higher on a charitable organization which has not even been indicted. Nor could the government justify its stance even if it were in a position to issue criminal charges, as the U.S. Attorney's office would then be obligated to provide LIFE with a copy of the seized materials at government expense through the discovery process. In short, there is simply no reasonable explanation for the government's continuing refusal to return the records that it gutted from LIFE nine months ago.

**CONCLUSION**

For the reasons stated, Life for Relief and Development respectfully requests that the Court grant its motion and enter an order compelling the government to return all of the materials seized pursuant to the September 15, 2006 search warrant.

Respectfully submitted,

MILLER CANFIELD PADDOCK AND STONE, PLC

By: ____________________

Thomas W. Cranmer (P25252)
David D. O'Brien (P65532)
Attorneys for Life Relief and Development
840 W. Long Lake Road, Suite 200
Troy, Michigan 48098
Telephone: (248) 267-3294

Dated: June 20, 2007

AALIB:498469.1\132747-00001

A

# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

NANCY G. EDMUNDS

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

17300 West Ten Mile Road, Southfield, Michigan 48075

**SEARCH WARRANT**

CASE NUMBER: 06X50861

TO: Any Authorized Officer of the United States

Affidavit(s) having been made before me by F.B.I. Special Agent Fredric Sandler who has reason to believe that ☐ on the person of or ☐ on the property or premises known as (name, description and/or location):

**SEE ATTACHMENT "A"**

in the Eastern District of Michigan, Southern Division, there is now concealed a certain person or property, namely (describe the person or property)

**SEE ATTACHMENT "B"**

A TRUE COPY
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
BY: [signature]
DEPUTY CLERK

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before SEP 25 2006 (not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search (in the daytime - 6:00 A.M. to 10:00 P.M.) (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to the Honorable DUTY MAGISTRATE JUDGE, United States Magistrate Judge, as required by law.

SEP 15 2006 at Detroit, Michigan
Date/Time Issued

Honorable DONALD A. SCHEER
United States Magistrate Judge

DONALD A. SCHEER
Signature of Judicial Officer

## ATTACHMENT "A"

DESCRIPTION OF PREMISES TO BE SEARCHED

17300 West Ten Mile Road, Southfield, Michigan (the "Subject Premises") is a two story, stand-alone building. The Subject Premises is located on West Ten Mile Road between Greenfield Road and Southfield Road in Southfield, Michigan. The Subject Premises has red wood siding and is comprised of white brick. There are other office buildings on the block. The entrance to the Subject Premises is in the back of the building. The words "Life for Relief and Development" are written in yellow letters on the Subject Premises. There are two satellite dishes on the southeast corner of the Subject Premises. The interior of the Subject Premises consists of numerous small offices on the first and second floor, with a conference room on the first floor.

**ATTACHMENT "B"**

DESCRIPTION OF ITEMS TO BE SEIZED

For the period January 1, 1995 through the present:

1. Books, receipts, bank statements and records, deposit slips, withdrawal slips and canceled checks for any and all accounts of Life for Relief and Development ("LRD"), Focus on American & Arab Interests & Relations and/or Focus on Advocacy & Advancement of International Relations, Inc. ("FAAIR"), Khalil Jassemm, Muthanna Al-Hanooti, Mohammad Alomari, Mujahid Al-Fayyad or the Iraqi Islamic Party, including all funds on deposit such as certificates of deposit, money market accounts, negotiable order of withdrawal accounts, ATM/debit cards, code numbers or related records of deposits and withdrawals, bank bags, and bank safety deposit box records and keys;

2. Books, records, receipts, bank statements and records, money drafts, letters of credit, money orders and cashiers' checks (and receipts for same) and bank checks, passbooks, wire transfers and other items evidencing the obtaining, secreting, transfer and/or concealment of assets, and the obtaining, secreting, transfer, concealment and/or expenditure of money by LRD, FAAIR, Khalil Jassemm, Muthanna Al-Hanooti, Mohammad Alomari, Mujahid Al-Fayyad or the Iraqi Islamic Party;

3. Documents showing the receipt or disbursement by LRD, FAAIR, Khalil Jassemm, Muthanna Al-Hanooti, Mohammad Alomari, Mujahid Al-Fayyad or the Iraqi Islamic Party, of cash, cashiers' checks, or other negotiable instruments, including receipts, notes, bank statements, cancelled checks, wire transfer records, passbooks, currency, money drafts, letters of credit, money orders and cashiers' checks and receipts, invoices, safe deposit box keys, and records of commercial storage, locker keys and corresponding records;

4. General journals, cash receipt journals, cash disbursement journals of LRD, FAAIR, Khalil Jassemm, Muthanna Al-Hanooti, Mohammad Alomari or Mujahid Al-Fayyad;

5. General ledgers and subsidiary ledgers of LRD, FAAIR, Khalil Jassemm, Muthanna Al-Hanooti, Mohammad Alomari or Mujahid Al-Fayyad, including notes receivables, accounts receivables, accounts payable, notes payable, adjusting journals and closing ledgers;

6. All documents, records, and correspondence related to fund-raising activity conducted by Life for Relief and Development ("LRD"), including schedules of events and fund-raisers, DVDs, videotapes, compact discs, audio recordings, documentation of expenses and income, expense reports, lists of donors, employment

records of staff members and contract employees, and documentation related to the disposition of funds obtained through fund-raising activity;

7. All documents, records, and correspondence related to activity conducted by Focus on American & Arab Interests & Relations and/or Focus on Advocacy & Advancement of International Relations, Inc. ("FAAIR"), including schedules of events, DVDs, videotapes, compact discs, audio recordings, documentation of expenses and income, expense reports, lists of donors, employment records of staff members and contract employees, and documentation related to the disposition of funds obtained through activity;

8. Currency, both United States and foreign;

9. Cashiers' checks or money orders;

10. All correspondence, notes, e-mails, facsimiles and other documents and records related to the Iraqi Islamic Party, the Iraqi Accord Front, the Al-Tawafuq Front, the Islamic Relief Agency, the Islamic African Relief Agency or Human Appeal International;

11. Records reflecting cellular telephone tolls and records of long distance telephone calls;

12. Address and/or telephone books, rolodexes, and any papers reflecting names, addresses, telephone numbers, pager numbers, and fax numbers of donors, the above-listed entities and individuals and/or their entities and their associates;

13. All bank account statements, ledgers, lists, notes, e-mails, facsimiles, receipts, address books, personal diaries, credit card documents, correspondence and other documents and records related to the transfer of funds to Iraq;

14. All bank account statements, ledgers, lists, notes, e-mails, facsimiles, receipts, address books, personal diaries, credit card documents, correspondence and other documents and records related to the transfer of funds to Jordan;

15. All federal income tax returns, Forms 1023, 990 and W-2, and tax return information related to LRD;

16. All correspondence, supporting work papers, summary sheets, notes, e-mails, analyses used in the preparation of tax returns, and other documents and records related to income tax returns and tax return information related to LRD;

17. All federal income tax returns, Forms 1023, 990 and W-2, and tax return information

related to Khalil Jassemm;

18. All correspondence, supporting work papers, summary sheets, notes, e-mails, analyses used in the preparation of tax returns, and other documents and records related to income tax returns and tax return information related to Khalil Jassemm;

19. All federal income tax returns, Forms 1023, 990 and W-2, and tax return information related to FAAIR;

20. All correspondence, supporting work papers, summary sheets, notes, e-mails, analyses used in the preparation of tax returns, and other documents and records related to income tax returns and tax return information related to FAAIR;

21. Computers or computer equipment including central processing units, circuit boards, external and internal drives, external and internal storage equipment or media, computer peripheral devices attached or unattached to the computer including computer monitors, printers, keyboards, modems or other physical devices which serve to transmit information to or receive information from a computer. computerized data storage devices, including data stored on hard disks or floppy disks, computer printers or computer programs, computer or data processing software or data, including: hard disks, floppy disks, CD-ROMs, Zip disks, modems and magnetic tapes which could contain or be used to transmit or store any of the foregoing records, documents, and materials;

22. Documents that serve the purpose of explaining the way the computer hardware, programs, and data are used, including manuals and passwords;

23. The terms "records," "documents," and "materials" include all of the foregoing items of evidence in whatever form and by whatever means such records, documents, or materials, their drafts, or their modifications may have been created or stored, including (but not limited to) the originals and all non-identical copies thereof, whether difference from the original by reason of any notation made on such copies or otherwise, any handmade form (such as writing, drawing, painting, with any implement on any surface, directly or indirectly); any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies); any mechanical form, (such as phonograph records, printing, or typing); any electrical, electronic, or magnetic form (such as tape recordings, cassettes, compact discs, or any information on an electronic or magnetic storage device, such as floppy diskettes, hard disks, backup tapes, CD-ROMs, optical discs, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as printouts or readouts from any magnetic storage device).

B

(Rev 8-11-94)

Page 1 of 9

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF INVESTIGATION**
**Receipt for Property Received/Returned/Released/Seized**

File # 315E-DE-92100

On (date) 09/18/2006

item(s) listed below were:
- [X] Received From
- [ ] Returned To
- [ ] Released To
- [ ] Seized

(Name) ______

(Street Address) 17300 West 10 Mile Road

(City) Southfield, MI

Description of Item(s): #1 1 Box - Orphan Files; #2 - 1 Box Orphan Files; #3 - 1 Box - Orphan Files; #4 - Envelope - Iraq Documents; #5 - Envelope, Handwritten Notebook; #6 - 1 Box Old Documents; #7 - 1 Box - Labeled Folders; #8 - Credit ~~card~~ Donation Receipts; #9 - 1 Box - Photos & Documentaries; #10 - 1 Box - Photos & Trip Documents; #11 1 Box - Misc Notes & Cards; #12 - 1 Box - Orphan Files; #13 - 1 Box - Orphan Files; #14 - 1 Box - Mailing List Survey Info; #15 1 Box - Program Literature; #16 - 1 Box Donation Files; #17 1 Box - Program Info; #18 - 1 Box - Photo's of Food Proj; #19 - 1 Envelope VHS; #20 - 1 Envelope - VHS Tape "Iraq"; #21 - 1 Envelope - VHS Tape "Top Secret"; #22 1 Envelope - VHS Tape "Hot Point"; #23 - 1 Bag Floppy Disks; #24 - 1 Envelope - Notepad Phone List; #25 - 1 Envelope - Floppy Disks; #26 - 1 Envelope - Floppy Disks; #27 - 1 Box - Orphan Program Files; #28 1 Box - Folders w/ Email; #29 - 1 Box - Misc Videotapes; #30 - 1 Box - Binders w/ Memos; #31 - 1 Box - Info on Various Charities

Received By: ______ (Signature)

Received From: ______ (Signature)

Page 2 of 9

(Rev 8-11-94)

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # 315E-DE-92100

On (date) September 18, 2006

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) ______

(Street Address) 17300 W. 10 Mile Rd

(City) Southfield, Michigan

Description of Item(s): 32 - Box Videos

33 - Box - Pieces of [illegible]

34 - Box - Papers, Files Directions

35 - Box - Misc notes Pamphlets

36 - Box - Videos

37 - Box - Videos

38 - Box - Videos

39 - Box - Videos

40 - Box - Videos

41 - Box Prof. Files / Film Strips

42 - Box - Misc Prof Files

43 - Box - Misc Prof. Files

44 - Box - Videos

45 - Box - Videos Photos

46 - Cabinet 1

47 - Cabinet 2

48 - Cabinet 4

49 - Cabinet 5

50 - Cabinet 6

51 - File Cabinet

Received By: ______ (Signature)

Received From: ______ (Signature)

(Rev 8-11-94)



UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 315E-DE-92100

On (date) September 18, 2006

item(s) listed below were:
- [ ] Received From
- [ ] Returned To
- [ ] Released To
- [x] Seized

(Name) ______

(Street Address) 17300 W. 10 Mile Rd

(City) Southfield, Michigan

Description of Item(s): 52 - File Cabinet

53 - File Cabinet (Donations)

54 - Box - Adoption Records

55 - Box - Misc Proj Files

56 - Box Cred Card Receipts

57 - Box Cred Card Fin Recs

58 - Box - Adoption Recs

59 - Box - Misc Project Files

60 - Box - Misc Financ Data

61 - Box - Brochures Flyer

62 - Box - Payroll Records

Received By: ______ (Signature)

Received From: ______ (Signature)

(Rev 8-11-94)



UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 315E-DE-92100

On (date) September 18, 2006

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name)

(Street Address) 17300 W 10 Mile RD

(City) Southfield, Michigan

Description of Item(s): #63 1 Box Misc Project files
64 - 1 Box Project files
65 - 1 Box Project files
66 - 1 Box Payroll - Donor receipts
67 - 1 Box misc project files
68 - 1 Box Project files
69 - 1 Box financial graphs
70 - Box files from Cabinet 6
71 - Box files Cab 5 + 4
72 - Box file Cabinet 4
73 - Box Financial CD
74 - Box financial Docs
75 - Bag CD Roms
76 - Bag CD Roms
77 - Bag CD Roms Video
78 - Bag Cash + Checks
79 - Bag Checks
80 - Box tax info Docs
81 - Box Misc Donor files
82 - Box Financial Docs

Received By: ______________________ (Signature)

Received From: ______________________ (Signature)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 315E-DE-92100

On (date) September 18, 2006

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name)

(Street Address) 17300 W. 10 MILE RD

(City) SOUTHFIELD, MICHIGAN

Description of Item(s): 83 Box Fundraising Docs
84 - Envelope Docs fair Charities
85 Bag Hand drive
86 Bag Hand drive
87 Bage CD's
88 Bag Video's / CDs
89 - ~~Bag~~ Box Misc Media
90 ~~Bag~~ Box floppy Disks Media
91 Box Media
92 Box Media
93 Box Hand Drive & Media
94 Box Donor List
95 Box user Guides
96 Box financial Docs
97 Hand Drive
98 laptop
99 Mac laptop
100 Computer
101 Computer Tower
102 Computer Tower

Received By: ____________ (Signature)

Received From: ____________ (Signature)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 315E DE-92100

On (date) September 18, 2006

item(s) listed below were:
- [ ] Received From
- [ ] Returned To
- [ ] Released To
- [x] Seized

(Name)

(Street Address) 17300 W. 10 Mile Rd

(City) Southfield MI

Description of Item(s): 103 Box valuables
104 - Box LRD Envelopes
105 - Box LRD Envelopes
106 - Box Shelf One
107 - Box Shelf one
108 - Box Shelf one
109 - Box LRD Envelopes
110 - Box Shelf one
111 - Box Shelf one
112 - Box Shelf one
113 - Box Shelf one
114 - Box Shelf 2
115 - Box Shelf 2
116 - Box Shelf 2
117 - Box Shelf 2
118 - Box Shelf 2
119 - Box Shelf 2
120 - Box Shelf 2
121 - Plastic Box 2005 Taxes
122 - Bag, Box Audits

Received By: ______________________ (Signature)

Received From: ______________________ (Signature)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 315E-DC-92100

On (date) SEPTEMBER 18, 2006

item(s) listed below were:
- [x] Received From
- [ ] Returned To
- [ ] Released To
- [ ] Seized

(Name)

(Street Address) 17300 WEST 10 MILE ROAD

(City) SOUTHFIELD, MI

Description of Item(s): #123 - 1 BOX - OLD CHECKS TAX RETURN
#124 - 1 BOX - SHELF 2
#125 - 1 BOX - SHELF 2
#126 - 1 ZIPLOC BAG - SHELF #3
#127 - 1 BOX - FINANCIAL DOCS
#128 - 1 BOX - FINANCIAL DOCS
#129 - 1 BOX - FINANCIAL DOCS/CDS
#130 - 1 BOX - LIFE DOCS
#131 - 1 ZIPLOC BAG - FINACIAL DOCS
#132 - CHECKS - TABLE 1
#133 - CHECKS & MISC DOCS
#134 - 1 BAG - PAYROLL INFO
#135 - 1 BOX - MISC DOCS & CDS
#136 - 1 BOX - MISC DOCS & CDS
#137 - 1 BOX - CORR / DIARY / AMERA
#138 - 1 BOX - MISC PROPOSALS
#139 - 1 BAG - THUMB DRIVE / CELL PHONE
#140 - 1 BAG - PHONE CARDS
#141 - CURRENCY - $ 759.00
#142 - CURRENCY - FOREIGN

Received By: ______________________ (Signature)    Received From: ______________________ (Signature)

(Rev 8-11-94)



UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 315E-DE-92100

On (date) SEPTEMBER 18, 2006

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) ______

(Street Address) 17300 W. 10 MILE RD.

(City) SOUTHFIELD, MICHIGAN

Description of Item(s): 143- JEWELRY DONATIONS

144- BLANK CHECKS

145- BAG - LOGS SHEETS

146- BAG - DONATION RECEIPTS, PAPERWORK

147- BOX - BINDERS DOCS

148- BOX - NATL BOOKS FILES

149- BAG - BOOK OF CHECKS

150- BAG CHECKS IN "AMER MEDICAL SECURITY"

151- Box Notebooks

152- Box [illegible] Docs

153- Box misc Corresp

154- Box Misc Finance CD

155- Box Misc Finance

156- Check Register Videos

157- Box Credit Card Check Ledger

158- 5 CD's Floppy Disk

159- Box Finance Docs

160 Box Donation Info

161 Box Misc Docs

162- Box Videos

Received By: ______ (Signature)   Received From: ______ (Signature)

(Rev 8-11-94)



# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # 315E-DE-12100

On (date) September 18, 2006

item(s) listed below were:
- [ ] Received From
- [ ] Returned To
- [ ] Released To
- [x] Seized

(Name)

(Street Address) 17300 West 10 Mile

(City) Southfield MI

Description of Item(s): 163 - Box Misc Docs

164 - Bag CD floppies

165 - Bag CD DVD's

166 - Mac laptop

167 - Server 1

168 - Server 2

169 - Server 3

170 - Server 4

171 - Server 5

172 - Server 6

173 - Miscellaneous Documents

174 - Payroll Documents

175 - Payroll Documents

176 Miscellaneous Donation Documents

177 Miscellaneous Donation Papers

178 Computer Disks, Videos

179 Meeting Notes

180 Donation Forms

181 CDs, Floppies

182 Notepad

Received By: ______________________ (Signature)

Received From: ______________________ (Signature)

C

**C**
Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
UNITED STATES of America, Plaintiff,
v.
Monasser Mosad OMIAN, Defendant.
**No. 05-80338.**

Nov. 7, 2006.

William W. Swor, Laurence C. Burgess, Federal Defender Federal Defender Office, Detroit, MI, for Defendants.

Cynthia J. Oberg, Julie A. Beck, Robert P. Cares, United States Attorney's Office, Detroit, MI, for Plaintiff.

***ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION [D/E # 111], GRANTING DEFENDANT'S MOTION FOR RETURN OF PROPERTY [D/E # 88]***

Honorable ARTHUR J. TARNOW, United States District Judge.

*1 The Court having reviewed the Magistrate Judge's Report and Recommendation filed October 11, 2006, as well as the parties' briefs, and having received no objections from either side,

**IT IS HEREBY ORDERED** that the Report is accepted and entered as the findings and conclusions of this Court.

As a result, the Defendant's Motion for Return of Property is **GRANTED.** If the Government has not yet turned over the third party travel documents as identified in the Magistrate's Report and Recommendation, the Government must do so immediately. In addition, the Government must also immediately turn over the documents pertaining to property at 2744-2746 Salina and 2781 Akron.

MONA K. MAJZOUB, Magistrate Judge.

***REPORT AND RECOMMENDATION***

**I.** ***RECOMMENDATION:*** This Court recommends that Defendant's Motion for Return of Property (Docket # 88) be GRANTED.

**II.** ***PROCEDURAL HISTORY***

On June 22, 2006 Defendant Monasser Mosad Omian ("Defendant") filed a Motion for Return of Property and Request for Evidentiary Hearing (Docket # 88) to which the Government responded. District Court Judge Arthur J. Tarnow referred the Motion to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [FN1] A hearing was held on August 16, 2006. Counsel for both parties and Defendant were present at the hearing. Upon Order of this Court, the Government filed a supplemental response informing the Court as to what property at issue in Defendant's motion is in the Government's possession. Defendant replied. Defendant's motion is now before this Court.

FN1. The matter was referred to this Court for an opinion and order pursuant to 28 U.S.C. § 636(b)(1)(A). However, this Court has construed it as a referral for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) because the motion is for post-trial relief by a person convicted of a criminal offense.

**III.** ***FACTUAL SUMMARY*** [FN2]

FN2. The facts are taken from the Court's records, the parties' pleadings, and the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

parties' statements at the August 16, 2006 hearing.

In April 2005 Defendant was indicted for conspiracy, structuring, operating an unlicensed money transmitting business, false statements to federal officers, and aiding and abetting. The Indictment also sought the forfeiture of certain monies and real property located at 2744-2746 Salina and 2781 Akron. [FN3] (Docket # 3). Defendant was arrested and subsequently released on a $100,000 unsecured bond. (Docket 5, 6). Defendant was ordered to surrender any passports, obtain no other passport, and remain in the Eastern District of Michigan. Defendant was also placed on home confinement, which included electronic monitoring. *Id.* Defendant's bond conditions were modified on May 12, 2005 to include less restrictive curfew and tether times.

FN3. Superseding indictments were subsequently filed on June 23, 2005, July 19, 2005, and March 3, 2006. (Docket 25, 30, 63).

On July 12, 2005 federal agents, pursuant to a search warrant, seized documents from Defendant's property at 2744-2746 Salina and 2781 Akron and from a Comerica safety deposit box issued to Defendant. On May 11, 2006 Defendant pled guilty, pursuant to a plea agreement, to charges of conspiracy to commit a federal crime (operating an unlicensed money transmitting business) and structuring to evade a reporting requirement/aiding and abetting. Defendant waived his right to appeal. As part of the plea agreement, the Government agreed to dismiss the remaining charges against Defendant. The Government also agreed to release or withdraw its interest or lis pendens as to the properties located at 2744-2746 Salina and 2781 Akron upon Defendant's sentencing. (Docket # 76). Defendant was sentenced by Judge Tarnow to thirty months on each count to run concurrently on August 11, 2006. (Docket # 103). Defendant remains free on bond and has a self-surrender date of October 19, 2006. [FN4]

FN4. Defendant's motion to extend the reporting date is pending before Judge Tarnow.

## IV. *LAW AND ANALYSIS*

***2** Now that Defendant has been sentenced, he seeks the immediate return of various documents seized from his homes and safety deposit box pursuant to Federal Rules of Criminal Procedure 41(g). For the purposes of this report, the Court has divided the documents at issue into the following categories: (1) documents the Government agrees to immediately return; and (2) documents the Government objects to returning immediately, which include: (a) third party travel and identification documents; and (b) documents related to Defendant's property at 2744-2746 Salina and 2781 Akron.

### A. *General Legal Principles*

Fed.R.Crim.P. 41(g) [FN5] states as follows:

FN5. Motions to return property were previously made pursuant to Rule 41(e). In 2002, this subsection was redesignated Rule 41(g) without substantive change.

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Rule 41(g) is grounded in principles of equity. *Floyd v. United States,* 860 F.2d 999, 1002-03 (10th Cir.1988). "[W]hen considering a motion to return, the court must balance the legitimate needs of the United States against the property rights of the moving party...." *United States v. Popham,* 382 F.Supp.2d 942, 955-56 (E.D.Mich.2005). The Court must be guided by principles of reasonableness. *Id.* The moving party must demonstrate a proprietary interest in the property

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

he/she seeks to be returned. *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir.1982). Mere possession is enough to establish some form of interest. *See Northern Pacific Railroad Co. v. Lewis*, 162 U.S. 366, 16 S.Ct. 831, 40 L.Ed. 1002 (1896). "But even if the movant demonstrates a property interest, courts will not grant a motion for the return of property if the government no longer possesses the property." *Arispe v. United States*, 2005 WL 3132211 *5 (E.D. Mich.2005), citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir.1981).

The burden thereafter shifts to the Government to show that it has legitimate interest in retaining the property at issue. *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir.1999). "The government's interest may take a variety of different forms; what matters is that it is a legitimate interest." *United States v. Uribe-Londono*, 2006 WL 932582 * 1, citing *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir.1990).

B. *Third Party Documents that the Government Agrees to Immediately Return*

The Government has indicated that it will immediately return: (1) the U.S. Passports of Fathia and Yasmin Omian; and (2) the Yemeni Passport of Nabeel Saleh. [FN6]

FN6. Fathia and Yasmin Omian are Defendant's married daughters. Nabeel Saleh is married to Fathia Omian. They do not live with Defendant.

C. *Documents Government Objects to Immediately Returning*

The parties do not dispute that the following documents at issue were seized from Defendant's possession and are now in the Government's possession. Rather, the issue is the legitimacy of the Government's interest in retaining these documents.

1. *Third Party Travel and Identification Documents*

*3 The Government has refused to immediately return the following third party identification and travel documents: (1) U.S. Passports of Asma and Wadea Omian; (2) U.S. Social Security cards of Nemah, Ridhawn, Sadeq, Safa and Asma Omian; (3) U.S. Alien Registration Card of Nemah Omian; (4) Yemeni Passport of Nemah Omian; and (5) Yemeni Identification card of Nemah Omian. [FN7]

FN7. Nemah Omian is Defendant's wife. Asthma, Ridhawn, Sadeq, Wadea and Safa Omian are the Defendant's minor daughters who reside with Defendant and his wife at the Akron residence.

This is not the typical case in which the Government seeks to retain property that it considers to be contraband or pertinent to the prosecution or on-going investigation of a defendant. Indeed, the Government does not argue that it considers the travel and identification documents of Defendant's wife and minor children to be evidence (an argument that would nevertheless be moot since the Defendant's conviction and sentence are now final). [FN8] Rather, the Government asserts, without legal authority, that it has a legitimate interest in retaining the travel and identification documents of Defendant's wife and minor daughters until Defendant *actually* surrenders based upon its belief that Defendant is a flight risk. The Government speculates that this risk will increase if Defendant's family has the ability to travel. [FN9]

FN8. Even if the Government had an interest in using these documents as evidence, the Government could easily copy them and enter into a stipulation with the parties regarding their use at trial.

FN9. The Government also asserts, perhaps unintentionally, a "no harm, no foul" argument to justify its retention of these documents. The Government argues that Defendant's wife and children have no reason to need the documents at issue so it is proper for the Government to retain them. However, the Government presented no legal authority to support the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

proposition that the Government may seize and retain a person's property based solely upon its unilateral, subjective decision as to what that person's need may or may not be for those documents.

The Court certainly understands the Government's concern regarding a defendant's flight risk. However, the Court believes that, in this case at least, an order allowing the Government justify its retention of property for the reason asserted by the Government would improperly circumvent the statutory provisions of 18 U.S.C. § 3142 and § 3143, which are specifically designed to address the propriety of releasing or detaining defendants pending trial, sentencing, and appeal.

In this case, the Government acknowledges that it had moved to detain Defendant on several occasions and for the same reasons advanced to this Court now. The Government even sought to revoke Defendant's bond upon sentencing. However, the Government's motion was denied each time by the Court's application of the factors set forth in § 3142 and § 3143. In doing so, the Court determined that the Government's concerns regarding Defendant's risk of flight were met by the imposition of a bond and various bond conditions. Defendant has remained free on a $100,000 unsecured bond since his arrest. He is restricted to travel in the Eastern District of Michigan, is required to wear a tether to monitor his location, has surrendered his own Passport and has been ordered not to secure any other Passport. There is no evidence before the Court that Defendant ever violated these conditions. In fact, the record shows that Defendant's conditions of release have become less restrictive over the course of the case.

It is clear that the Government is dissatisfied with Court's decisions not to detain Defendant although it has never sought to appeal them. However, the Court concludes that it would be unreasonable to allow the Government to retain the documents of Defendant's wife and minor children so as to undermine these previous decisions.

2. *Documents Pertaining to Property at 2744-2746 Salina and 2781 Akron*

*4 The Government has also refused to immediately return documents pertaining to Defendant's property located at 2744-2746 Salina and 2781 Akron. The documents in the Government's possession include: (1) closing documents related to the purchase and refinancing of the property at 2744-2746 Salina; (2) closing document related to Defendant's purchase of 2781 Akron; and (3) a mortgage survey, certificate of occupancy, and homeowner's insurance package related to the 2781 Akron property.

The Government initially sought the criminal forfeiture of the property at issue. However, the properties were excluded from forfeiture as part of the Government's plea agreement with the Defendant. The Government also noted that they have not initiated any civil forfeiture proceedings related to the property at issue. Furthermore, as part of the plea agreement, the Government agreed to withdraw or release its filed affidavit of interest or lis pendis related to the 2744-2746 Salina and 2781 Akron properties upon the sentencing of Defendant and his co-Defendant, Sadeq Omian. [FN10] Defendant has been sentenced and his time to appeal has passed although Sadeq Omian is not scheduled to be sentenced until November 2006.

FN10. Defendant and Sadeq Omian are co-owners of the Salina property. Defendant and his wife are co-owners of the Akron property. However, the Government asserts that Sadeq Omian could assert an ownership interest in the Akron property because he resides there.

The Government advances essentially the same arguments as above to justify its retention of the property documents at issue. And for the same reasons, the Court concludes that retention of these documents is unreasonable.

The Government also argues that it has an interest in retaining these property documents until Sadeq Omian is sentenced and the Government withdraws its interest in the 2744-2746 Salina and 2781 Akron

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

properties. However, the return of the property documents at issue bears no relationship to the Government's decision to release its interest in these properties. Furthermore, the Defendant's ability to sell these properties before the Government releases its interest is not increased by his possession of the documents at issue. Consequently, the Court finds that the Government's continued retention of these property documents is unreasonable.

**IV. *CONCLUSION***

Based upon the foregoing discussion, the Court recommends that Defendant's Motion for Return of Property be **GRANTED.**

**V. *NOTICE TO PARTIES REGARDING OBJECTIONS***

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir.1991). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary,* 931 F.2d 390, 401 (6th Cir .1991). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Not Reported in F.Supp.2d, 2006 WL 3240555 (E.D.Mich.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

D

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE SEARCH WARRANT DATED
SEPTEMBER 15, 2006

Case No.
Honorable

______________________________/

| | |
|---|---|
| Michael D. Taxay<br>U.S. Department of Justice<br>National Security Division<br>10 Constitutional Avenue<br>Washington, D.C. 20530<br><br>Stephen J. Murphy, III (P58137)<br>Alan M. Gershel (P29652)<br>U.S. Attorney's Office<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>Telephone: (313) 226-9100 | Thomas W. Cranmer (P25252)<br>David D. O'Brien (P65532)<br>Miller, Canfield, Paddock and Stone, P.L.C.<br>Attorneys for Life for Relief and Development<br>840 West Long Lake Road, Suite 200<br>Troy, Michigan 48098<br>Telephone: (248) 267-3294 |
| | |

______________________________/

**DECLARATION OF NAEL ZENHOM**

1. My name is Nael Zanhom. I am the accountant for Life for Relief and Development. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, could testify competently under oath to the matters set forth herein.

2. The FBI took all of our organization's financial documents when they executed a search warrant at our Southfield headquarters in September, 2006. Among other seized materials, the FBI took all bank statement binders, all wire transfer binders, all cash disbursement expenses/vouchers binders, all cash receipts/checks batches, all credit cards/receipts batches, and all payroll batches for the year 2006.

3. We do not have back-up copies of these documents and desperately need them back. Because we are a charitable organization under section 501(c) of the Internal Revenue Code, we must file a Return of Organization Exempt from Income Tax (IRS Form 990) each year. This requires us to submit to an independent audit by a certified public accountant. However, we cannot complete the audit unless the independent auditor has access to all of the organization's financial documents. Because our records have been seized by the FBI, we have had to ask for an extension of the filing deadline for our 2006 tax return until August 15, 2007.

4. In addition to the preparation of the audited statement and federal tax return, we also have to complete a number of pending state fund-raising registration renewals. These, too, are dependent upon an audit of our financial records. We have asked for and received an extension from Virginia. The deadline for renewal of our Michigan license is July 31, 2007, and we will have to ask for an extension from the State of Michigan as well. Even if we get the documents today, our auditor needs two months to complete the necessary reports.

5. Donors also require access to audited financial statements and our federal tax returns in order to evaluate the organization. The absence of these documents seriously hampers the ability of the organization to raise funds.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed this 19th day of June, 2007, at Southfield, Michigan.

Nael Zenhom

AALIB:498700.1\132747-00001

E

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE SEARCH WARRANT DATED SEPTEMBER 15, 2006

Case No.
Honorable

_______________________________________/

| | |
|---|---|
| Michael D. Taxay<br>U.S. Department of Justice<br>National Security Division<br>10 Constitutional Avenue<br>Washington, D.C. 20530<br><br>Stephen J. Murphy, III (P58137)<br>Alan M. Gershel (P29652)<br>U.S. Attorney's Office<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>Telephone: (313) 226-9100 | Thomas W. Cranmer (P25252)<br>David D. O'Brien (P65532)<br>Miller, Canfield, Paddock and Stone, P.L.C.<br>Attorneys for Life for Relief and Development<br>840 West Long Lake Road, Suite 200<br>Troy, Michigan 48098<br>Telephone: (248) 267-3294 |
| | |

_______________________________________/

**DECLARATION OF MOHAMED ABAZA**

1. My name is Mohamed Abaza. I am the marketing director for Life for Relief and Development. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, could testify competently under oath to the matters set forth herein.

2. During the government search of our Southfield headquarters, our in-kind donation files were taken. These files contained information on the goods and services that we received from other institutions, as well as copies of the related invoices and documents. Without these files, it is difficult for me to track the performance of our field offices and to evaluate the value of the donated materials.

3. The government also seized all of our financial records during the search. This has had a substantial impact on our charitable activities because institutional donors require an audited financial statement before they make a grant or provide in-kind donations, especially if there was no previous cooperation with them. We cannot complete such a statement until we are able to provide our auditor with the seized records. As a result, we have not been able to apply for grants or enter into new partnerships with any major non-governmental organization since the time of the search. We have also been unable to solicit institutional support and obtain in-kind donations. This seriously limits our performance because in-kind donations are a vital part of our organization which accounted for 75% of our budget last year.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed this 19th day of June, 2007, at Southfield, Michigan.

Mohamed Abaza

AALIB:498710.1\132747-00001

F

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE SEARCH WARRANT DATED SEPTEMBER 15, 2006

Case No.
Honorable

| | |
|---|---|
| Michael D. Taxay<br>U.S. Department of Justice<br>National Security Division<br>10 Constitutional Avenue<br>Washington, D.C. 20530<br><br>Stephen J. Murphy, III (P58137)<br>Alan M. Gershel (P29652)<br>U.S. Attorney's Office<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>Telephone: (313) 226-9100 | Thomas W. Cranmer (P25252)<br>David D. O'Brien (P65532)<br>Miller, Canfield, Paddock and Stone, P.L.C.<br>Attorneys for Life for Relief and Development<br>840 West Long Lake Road, Suite 200<br>Troy, Michigan 48098<br>Telephone: (248) 267-3294 |
| | |

**DECLARATION OF MOHAMMED ALOMARI**

1. My name is Mohammed Alomari. I am the Administrator Director for Life for Relief and Development. My job duties include managing human resources issues as well as building/facilities responsibilities. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, could testify competently under oath to the matters set forth herein.

2. When the FBI executed the search warrant on 9/18/2006, at our Southfield headquarters, they took our employee personnel files. These files contained job applications, resumes, references information, employee agreements, employee verification documents, I-9 forms, and other materials related to our workforce. I need

these files to be able to manage the office and effectively handle human resource matters, such as compensation issues, vacation, personal and sick time information, insurance coverage, payroll, etc. We cannot properly administer these issues without these documents.

3. In addition to the employee personnel files that were taken, the agents also took vendor agreements, past invoices, and communications. These documents include those relevant to the maintenance of our building as well as the computer hardware and software warranties and contracts. We require these documents to follow up on past invoices and request warranty repair work on our equipment. Without these documents, we cannot properly maintain our building or our equipment.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed this 19th day of June, 2007, at Southfield, Michigan.

Mohammed Alomari

AALIB:498717.1\132747-00001

G

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE SEARCH WARRANT DATED
SEPTEMBER 15, 2006

Case No.
Honorable

| | |
|---|---|
| Michael D. Taxay<br>U.S. Department of Justice<br>National Security Division<br>10 Constitutional Avenue<br>Washington, D.C. 20530<br><br>Stephen J. Murphy, III (P58137)<br>Alan M. Gershel (P29652)<br>U.S. Attorney's Office<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>Telephone: (313) 226-9100 | Thomas W. Cranmer (P25252)<br>David D. O'Brien (P65532)<br>Miller, Canfield, Paddock and Stone, P.L.C.<br>Attorneys for Life for Relief and Development<br>840 West Long Lake Road, Suite 200<br>Troy, Michigan 48098<br>Telephone: (248) 267-3294 |
| | |

**DECLARATION OF IHSAN ALKHATIB**

1. My name is Ihsan Alkhatib. I am the director of legal and public policy for Life for Relief and Development. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, could testify competently under oath to the matters set forth herein.

2. The FBI executed a search warrant at our place of business in Southfield in September, 2006. The agent in charge of the search was Special Agent Fred Sandler. I asked Mr. Sandler what the search was about, and he told me it regarded an ongoing investigation. I was concerned about our ability to continue operating. Therefore, I inquired if the investigation was terror-related, and he indicated that it was not. Agent

Sandler assured me that our accounts were not frozen, that we were not being shut down, and that we could continue to operate as we did before the search.

3. In contradiction to these assurances, the government took almost all of our business records at the time of the search and has held them for more than nine months. This seizure has caused and continues to cause harm to the organization's charitable activities by depriving us of records critical to our ongoing operations.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed this 19th day of June, 2007, at Southfield, Michigan.

Ihsan Alkhatib, Esq.

AAI.IB;498699.1\132747-00001

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE SEARCH WARRANT DATED SEPTEMBER 15, 2006

Case No. 06X50861C
Honorable Nancy G Edmunds

Michael D. Taxay
U.S. Department of Justice
National Security Division
10 Constitutional Avenue
Washington, D.C. 20530

Stephen J. Murphy, III (P58137)
Alan M. Gershel (P29652)
U.S. Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Telephone: (313) 226-9100

Thomas W. Cranmer (P25252)
David D. O'Brien (P65532)
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Life for Relief and Development
840 West Long Lake Road, Suite 200
Troy, Michigan 48098
Telephone: (248) 267-3294

**PROOF OF SERVICE**

STATE OF MICHIGAN )
) ss.
COUNTY OF WASHTENAW)

Angela M. Marin states that she is a secretary at Miller, Canfield, Paddock and Stone, P.L.C. and that on the 20th day of June, 2007 she caused to be served a copy of the following documents:

1. **Life for Relief and Development's Motion for Return of Property Seized Pursuant to a Search Warrant;**

2. **Brief in Support of Life for Relief and Development's Motion for Return of Property Seized Pursuant to a Search Warrant;** and

3. **Proof of Service**

upon

Stephen J. Murphy, III
Alan M. Gershel
U.S. Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226

by way of hand delivery, and upon

Michael D. Taxay
U.S. Department of Justice
National Security Division
10 Constitutional Avenue
Washington, D.C. 20530

by way of Federal Express Courier.

Angela M. Marin
Angela M. Marin

AALIB:498823.1\132747-00001